# In the United States District Court
# For the Southern District of Georgia
# Savannah Division

| | |
|---|---|
| TAMARA RATHBUN, | |
| Plaintiff, | CIVIL ACTION NO.: 4:24-cv-148 |
| v. | |
| SOUTHCOAST MEDICAL GROUP, LLC, | |
| Defendant. | |

| | |
|---|---|
| KELLIE ALTMAN-CHAPMAN, | |
| Plaintiff, | CIVIL ACTION NO.: 4:24-cv-153 |
| v. | |
| SOUTHCOAST MEDICAL GROUP, LLC, and PRIVIA MEDICAL GROUP OF GEORGIA, LLC, | |
| Defendants. | |

| | |
|---|---|
| AMANDA WHATLEY, | |
| Plaintiff, | CIVIL ACTION NO.: 4:24-cv-159 |
| v. | |
| SOUTHCOAST MEDICAL GROUP, LLC, and PRIVIA MEDICAL GROUP OF GEORGIA, LLC, | |
| Defendants. | |

```
PEGGY GRAHAM,

        Plaintiff,                CIVIL ACTION NO.: 4:24-cv-204

    v.

SOUTHCOAST MEDICAL GROUP, LLC,

        Defendant.
```

```
MARKUS LOCKETTE,

        Plaintiff,                CIVIL ACTION NO.: 4:24-cv-205

    v.

SOUTHCOAST HEALTH
ADMINISTRATION MANAGEMENT, LLC,
and PRIVIA MEDICAL GROUP OF
GEORGIA, LLC,

        Defendants.
```

## **ORDER**

These matters are before the Court on Plaintiffs' Motions to Consolidate the above-captioned cases.  Dkt. No. 19; Dkt. No. 10; Dkt. No. 22; Dkt. No. 19.[1]  After review, Plaintiffs' allegations in these Complaints are related to each other.  Thus, the Court

---

[1] In this Order, where the Court provides four record citations, the first shall be to filings in Civil Action Number 4:24-cv-148, the second shall be to filings in Civil Action Number 4:24-cv-153, the third shall be to filings in Civil Action Number 4:24-cv-159, and the fourth shall be to filings in Civil Action Number 4:24-cv-205.

The Plaintiff in 4:24-cv-204 did not file a Motion to Consolidate in that case, but this appears to be an oversight, as the filings all appear to contemplate this action being consolidated with the others. Thus, the Court will construe the Motions as applying to 4:24-cv-204, as well.

2

**GRANTS** Plaintiffs' Motions to Consolidate.  The Court **DIRECTS** the Clerk of Court to: **FILE** all pleadings docketed in Civil Action Numbers 4:24-cv-153, 4:24-cv-159, 4:24-cv-204, and 4:24-cv-205 upon the record and docket of Civil Action Number 4:24-cv-148; **CONSOLIDATE** Civil Action Numbers 4:24-cv-148, 4:24-cv-153, 4:24-cv-159, 4:24-cv-204, and 4:24-cv-205; **ADD** Defendants Privia Medical Group of Georgia, LLC, and Southcoast Health Administration Management, LLC, upon the record and docket of Case Number 4:24-cv-148; **CLOSE** Civil Action Numbers 4:24-cv-153, 4:24-cv-159, 4:24-cv-204, and 4:24-cv-205; and **ENTER** the appropriate judgments of dismissal in Civil Action Numbers 4:24-cv-153, 4:24-cv-159, 4:24-cv-204, and 4:24-cv-205.

The Court **ORDERS** Plaintiffs to file applications for interim class counsel within 10 days of this Order.  The Court **ORDERS** Plaintiffs to file an Amended Complaint within 30 days of any order appointing interim class counsel.  The Amended Complaint will serve as the operative Complaint for the consolidated cases.  The Court **ORDERS** Defendants to file an answer to the Amended Complaint, or appropriate motion, within 45 days of the filing of the Amended Complaint.  If Defendants file a motion related to the Amended Complaint, Plaintiff will have 45 days to file a response.  Defendants will have 21 days to file a reply to Plaintiff's response.  The parties shall conduct their Rule 26(f) conference within 7 days of the date Defendants file their answer or motion

in response to the Amended Complaint.  The Rule 26 report shall be filed within 7 days of the conference.  As I have ruled on the Motions to Consolidate, the Court hereby **LIFTS** the stay in Civil Action Number 4:24-cv-148.  Dkt. No. 16.

## DISCUSSION

A district court has authority to consolidate multiple actions if they "involve a common question of law or fact."  Fed. R. Civ. P. 42(a).  Consolidation under Rule 42(a) "is permissive and vests a purely discretionary power in the district court." Young v. City of Augusta, 59 F.3d 1160, 1168 (11th Cir. 1995) (internal quotes omitted).  "District courts in this circuit have been urged to make good use of Rule 42(a) . . . in order to expedite the trial and eliminate unnecessary repetition and confusion." Id. at 1169 (internal quotes omitted).  The decision of whether to consolidate "is entirely within the discretion of the district court as it seeks to promote the administration of justice." Gentry v. Smith, 487 F.2d 571, 581 (5th Cir. 1973); see also Devlin v. Transp. Communs. Int'l Union, 175 F.3d 121, 130 (2d Cir. 1999) (explaining courts can sua sponte consolidate cases under Rule 42(a)).  In exercising this discretion, district courts must weigh the risk of prejudice and confusion wrought by consolidation against the risk of inconsistent rulings on common factual and legal questions; the burden on the parties and the court posed by multiple lawsuits as opposed to one; the length of time required

4

to conclude multiple lawsuits as opposed to one; and the relative expense of proceeding with separate lawsuits if they are not consolidated.  Hendrix v. Raybestos-Manhattan, Inc., 776 F.2d 1492, 1495 (11th Cir. 1985).

Plaintiffs have requested consolidation of these Complaints, and Defendants do not oppose their request.  The resolution of the allegations in all Complaints will require application of common factual and legal questions.  In light of the facts presented and the factors set forth in Hendrix, the Complaints in these five causes of action should be considered together to ensure consistent rulings.

## CONCLUSION

For the above-stated reasons, the Court **GRANTS** Plaintiffs' Motions to Consolidate.  Dkt. No. 19; Dkt. No. 10; Dkt. No. 22; Dkt. No. 19.  The Court **DIRECTS** the Clerk of Court to: **FILE** all pleadings docketed in Civil Action Numbers 4:24-cv-153, 4:24-cv-159, 4:24-cv-204, and 4:24-cv-205 upon the record and docket of Civil Action Number 4:24-cv-148; **ADD** Defendants Privia Medical Group of Georgia, LLC, and Southcoast Health Administration Management, LLC upon the record and docket of Case Number 4:24-cv-148; **CONSOLIDATE** Civil Action Numbers 4:24-cv-148, 4:24-cv-153, 4:24-cv-159, 4:24-cv-204, and 4:24-cv-205; **CLOSE** Civil Action Numbers 4:24-cv-153, 4:24-cv-159, 4:24-cv-204, and 4:24-cv-205;

5

and **ENTER** the appropriate judgments of dismissal in Civil Action Numbers 4:24-cv-153, 4:24-cv-159, 4:24-cv-204, and 4:24-cv-205.

The Court **ORDERS** Plaintiffs to file applications for interim class counsel within 10 days of this Order. The Court **ORDERS** Plaintiffs to file an Amended Complaint within 30 days of the Court's Order appointing interim class counsel. The Amended Complaint will serve as the operative Complaint for the consolidated cases. The Court **ORDERS** Defendants to file an Answer to the Amended Complaint within 45 days of the filing of the Amended Complaint. If Defendants file a motion related to the Amended Complaint, Plaintiff will have 45 days to file a response. Defendants will have 21 days to file a reply to Plaintiff's response. The parties shall conduct their Rule 26(f) conference within 7 days of the date Defendants file their answer or motion in response to the Amended Complaint. The Rule 26 report shall be filed within 7 days of the conference. As I have ruled on the Motions to Consolidate, the Court hereby **LIFTS** the stay in Civil Action Number 4:24-cv-148. Dkt. No. 16.

**SO ORDERED**, this 17th day of December, 2024.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA